07-1853-cv
*Adams v. Zelotes*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

————————

August Term, 2008

(Argued: October 10, 2008                    Decided: May 18, 2010)

Docket No. 07-1853-cv

————————

DIANA G. ADAMS,
in her official capacity as United States Trustee, Region 2,

*Defendant-Appellant,*

— v. —

ZENAS ZELOTES, Esq.,

*Plaintiff-Appellee.*

THE FINANCIAL SERVICES ROUNDTABLE,
AMERICAN BANKERS ASSOCIATION, CONSUMER BANKERS ASSOCIATION,

*Movants.*

CONNECTICUT BAR ASSOCIATION,
NATIONAL ASSOCIATION OF CONSUMER BANKRUPTCY ATTORNEYS,

*Amici Curiae.*

————————

Before:
    B.D. PARKER, LIVINGSTON, and CHIN, *Circuit Judges*.[*]

————————

Bankruptcy attorney brought suit in federal court challenging the constitutionality of

Bankruptcy Code provision, 11 U.S.C. § 526(a)(4), alleging that the provision's prohibition on debt

_____

[*]At the time of oral argument, Judge Chin was a member of the United States District
Court for the Southern District of New York, sitting by designation.

relief agencies advising clients to incur additional debt in contemplation of bankruptcy violated his First Amendment rights. The United States District Court for the District of Connecticut (Dorsey, *J.*) found § 526(a)(4) to be overbroad and unconstitutional, at least as applied to attorneys, denied defendant's motion to dismiss, and issued an injunction barring the United States Trustee from enforcing the provision against the plaintiff attorney. The United States Trustee appealed.

REVERSED and REMANDED for proceedings consistent with this opinion.

––––––––––

MARK R. FREEMAN (Mark B. Stern, *on the brief*), *on behalf of* Peter D. Keisler, Assistant Attorney General, Appellate Staff, Civil Division, United States Department of Justice, *and* Kevin J. O'Connor, United States Attorney for the District of Connecticut, for *Defendant-Appellant*.

ZENAS ZELOTES, Esq., Norwich, Connecticut, *Plaintiff-Appellee*, *pro se*.

Barry S. Feigenbaum, Rogin, Nassau, Caplan, Lassman & Hirtle, LLC, Hartford, Connecticut; Peter J. Rubin, Georgetown University Law Center, Washington, D.C.; Jonathan S. Massey, Bethesda, Maryland, *for* Amici Curiae Connecticut Bar Association and the National Association of Consumer Bankruptcy Attorneys *in support of Plaintiff-Appellee*.

Gene C. Schaerr, John D. McMickle, Steffen N. Johnson, Jeffrey M. Anderson, Winston & Strawn LLP, Washington, D.C.; Richard M. Whiting, The Financial Services Roundtable, Washington, D.C.; Gregory F. Taylor, American Bankers Association, Washington, D.C., *for* Movants The Financial Services Roundtable, American Bankers Association, and Consumer Bankers Association *in support of Defendant-Appellant*.

––––––––––

PER CURIAM:

On October 14, 2005, Plaintiff-Appellee Zenas Zelotes, an attorney whose "principal practice area is consumer bankruptcy," filed a complaint in United States District Court for the District of Connecticut alleging that a provision of the Bankruptcy Code, as amended by the Bankruptcy Abuse

Prevention and Consumer Protection Act ("BAPCPA") of 2005, Pub. L. No. 109-8, 119 Stat. 23 (2005), is facially invalid under the First Amendment. The district court (Dorsey, *J.*) found this provision, 11 U.S.C. § 526(a)(4), which prohibits debt relief agencies, including attorneys, from advising consumer debtors to "incur more debt in contemplation of" bankruptcy, overbroad and unconstitutional, *see Zelotes v. Martini*, 352 B.R. 17, 20, 25 (D. Conn. 2006), at least as applied to attorneys, and therefore granted a permanent injunction against enforcement with respect to Appellee, *see Zelotes v. Adams*, 363 B.R. 660, 667 (D.Conn. 2007). Defendant-Appellant, the United States Trustee, appealed. Since the filing of this action, the United States Supreme Court has resolved a conflict among the Courts of Appeals as to the scope of § 526(a)(4). Given the Supreme Court's definitive construction of the provision, we hold that it is not overbroad, and reverse the judgment of the district court.

BAPCPA was enacted in order to "correct perceived abuses of the bankruptcy system" and includes a "number of provisions directed at the conduct of bankruptcy professionals." *Milavetz, Gallop & Milavetz, P.A. v. United States*, 130 S. Ct. 1324, 1329, 1330 (2010). Section 526(a) "establishes several rules of professional conduct for persons qualifying as debt relief agencies," *id.* at 1330—a category that includes, with certain exceptions, "any person who provides any bankruptcy assistance to an assisted person in return for . . . payment . . . , or who is a bankruptcy petition preparer," 11 U.S.C. § 101(12A). The provision at issue provides that

> [a] debt relief agency shall not . . . advise an assisted person or prospective assisted person to incur more debt in contemplation of such person filing a case under this title or to pay an attorney or bankruptcy petition preparer fee or charge for services performed as part of preparing for or representing a debtor in a case under this title.

11 U.S.C. § 526(a)(4). The Supreme Court has held that "attorneys who provide bankruptcy

assistance to assisted persons are debt relief agencies within the meaning of BAPCPA." *Milavetz*, 130 S. Ct. at 1333.

The district court, construing only that portion of § 526(a)(4) that prohibits debt relief agencies from advising clients "to incur more debt in contemplation of" a bankruptcy filing, concluded that this provision, as applied to attorneys, prohibits them from "advising clients to take lawful, prudent actions as well as abusive ones" and therefore is overbroad as applied to them. *Zelotes*, 352 B.R. at 25. While this appeal was pending, however, the Supreme Court in *Milavetz* addressed the scope of § 526(a)(4) insofar as it prohibits a debt relief agency from advising an assisted person or prospective assisted person to incur more debt "in contemplation of" filing for bankruptcy.[1] *Milavetz*, 130 S.Ct. at 1334. The Supreme Court rejected a broad reading of the provision that would prohibit "any discussion of the advantages, disadvantages, or legality of incurring more debt." *Id.* Instead, the Court determined that § 526(a)(4)'s prohibition against affirmative advice to incur additional debt "in contemplation of" a bankruptcy filing was drafted with reference to "a specific type of misconduct designed to manipulate the protections of the bankruptcy system"—namely, loading up on debt "with the expectation of obtaining its discharge." *Id.* at 1336. Section 526(a)(4) thus "prohibits a debt relief agency only from advising a debtor to incur more debt because the debtor is filing for bankruptcy, rather than for a valid purpose." *Id.* It "requires professionals only to avoid instructing or encouraging assisted persons to take on more debt," *id.* at 1337, because of the bankruptcy filing, and leaves them free to talk about the incurrence

---

[1]Neither the Supreme Court in *Milavetz* nor the district court here addressed that part of § 526(a)(4) that prohibits debt relief agencies from advising assisted persons to incur debt "to pay an attorney or bankruptcy petition preparer fee or charge for services performed as part of preparing for or representing a debtor." 11 U.S.C. § 526(a)(4). We similarly do not reach either the construction or constitutionality, as construed, of this portion of § 526(a)(4).

4

of debt, so long as they are not "affirmatively advising a client to commit this type of abusive prefiling conduct," *id.* at 1338.

The Supreme Court also rejected the petitioner's argument that, as construed, § 526(a)(4) is impermissibly vague. *Id.* at 1338. The Court dismissed the argument that "the concept of abusive prefiling conduct is too indefinite . . . and that uncertainty regarding the scope of the prohibition will chill protected speech." *Id.* The Court explained that "the prohibited advice is not defined in terms of abusive prefiling conduct but rather the incurrence of additional debt when the impelling reason is the anticipation of bankruptcy." *Id.* Even if the prohibition depended on the notion of abuse, moreover, the Court noted that various provisions of the Bankruptcy Code authorize a bankruptcy court, *inter alia*, to decline to discharge fraudulent debt or to dismiss a case "if it finds that granting relief would constitute abuse." *Id.* Given that attorneys and other professionals who give bankruptcy advice "must know of these provisions and their consequences for a debtor who in bad faith incurs additional debt prior to filing," the Court concluded that "it is hard to see how a rule that narrowly prohibits an attorney from affirmatively advising a client to commit this [particular] type of abusive prefiling conduct could chill attorney speech or inhibit the attorney-client relationship." *Id.*

Here, it is somewhat unclear whether the district court's decision constituted a facial or as-applied holding with regard to § 526(a)(4). The court initially stated, in a subsection of its opinion addressing the plaintiff's motion to dismiss that is entitled "Facial Challenge to § 526(a)(4)," that "the Court finds 11 U.S.C. § 526(a)(4) facially unconstitutional." *Zelotes*, 352 B.R. at 22, 25. The district court did not thereafter retreat from this holding in its opinion and order both granting the defendant's motion for reconsideration and adhering to its original ruling, but the court did note in

5

a footnote in this later opinion that it was "sufficient to hold that as applied, § 526(a)(4) unconstitutionally prevents attorneys from providing lawful, truthful information to their clients." *Zelotes*, 363 B.R. at 666 n.9.

At any rate, whether the district court's ruling is construed as an as-applied or facial holding with regard to § 526(a)(4), we have no trouble concluding that it erred in holding that the relevant language in § 526(a)(4) is overbroad as applied to attorneys and is, for this reason, unconstitutional.[2] The Supreme Court's decision in *Milavetz* directly foreclosed Appellee's as-applied challenge by narrowly construing BAPCPA to avoid his First Amendment complaint. The statute does not prohibit attorneys, or other debt relief agencies, from advising clients to incur more debt in advance of bankruptcy when doing so serves legitimate purposes, nor does BAPCPA restrict "frank discussion" between attorney and client about incurring debt. *See* 130 S. Ct. at 1337-38. Appellee presents no facts or circumstances specific to his case that would support any other type of as-applied claim. As for his facial challenge, a statute is overbroad and facially invalid in the First Amendment context if "'a substantial number of its applications are unconstitutional, judged in relation to the statute's plainly legitimate sweep.'" *United States v. Stevens*, 559 U.S. __, No. 08-769, 2010 WL 1540082, at *8 (Apr. 20, 2010) (quoting *Washington State Grange v. Washington State Republican Party*, 552 U.S. 442, 449 n.6 (2008)). "The first step in overbreadth analysis is to construe the challenged statute; it is impossible to determine whether a statute reaches too far without first knowing what the statute covers." *United States v. Williams*, 553 U.S. 285, 293 (2008). The district court construed

---

[2]The district court determined that § 526(a)(4) is unconstitutional whether strict scrutiny applies or whether application of the more lenient standard for regulation of certain attorney speech in *Gentile v. State Bar of Nevada*, 501 U.S. 1030 (1991), is appropriate. *Zelotes*, 352 B.R. at 22. Because we conclude that, even under strict scrutiny, § 526(a)(4), as applied to attorneys, is not unconstitutional, we need not decide which standard is applicable.

6

§ 526(a)(4) to prohibit lawyers and other bankruptcy professionals "from advising clients to take lawful, prudent actions as well as abusive ones." *Zelotes*, 352 B.R. at 25. The Supreme Court, however, has now determined that § 526(a)(4) does not broadly prohibit bankruptcy professionals from providing reasonable financial advice to clients but more narrowly constrains them "from advising an assisted person to incur more debt when the impelling reason for the advice is the anticipation of bankruptcy." *Milavetz*, 130 S.Ct. at 1337. As the Court stated, "advice to incur more debt because of bankruptcy, as prohibited by § 526(a)(4), will generally consist of advice to 'load up' on debt with the expectation of obtaining its discharge – *i.e.*, conduct that is abusive *per se*." *Id.* at 1336. The Supreme Court has cautioned that in considering facial challenges we must "vigorously enforce[] the requirement that a statute's overbreadth be *substantial*, not only in an absolute sense, but also relative to the statute's plainly legitimate sweep." *Williams*, 553 U.S. at 292. Section 526(a)(4), as construed, simply does not reach "a substantial amount of protected expressive activity," *id.* at 297 (describing second step in an overbreadth analysis), and we conclude, contrary to the district court, that it is not overbroad or invalid as applied to attorneys.

We have considered Appellee's remaining contentions and find them to be without merit. We conclude that § 526(a)(4)'s "in contemplation of" provision is not overbroad as applied to attorneys and that the injunction in place barring enforcement of the statute must be dissolved.

For the foregoing reasons, the judgment of the district court is REVERSED and the case is REMANDED for proceedings consistent with this opinion.